IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Johnny Timpson, by and through his Conservator, Sandra Timpson, and Sandra Timpson, in her individual capacity, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 6:16-cv-01174-MGL |
| vs. | ) ) | |
| Nikki Haley, Governor of the State of South Carolina, the Anderson County Disabilities and Special Needs Board, Horace Padgett, Chairman of the Anderson County Disabilities and Special Needs Board, Dale Thompson, former executive director of the Anderson County Disabilities and Special Needs Board, John King, current director of the Anderson Disabilities and Special Needs Board, and The South Carolina Department of Disabilities and Special Needs (DDSN), William Danielson, Chairman DDSN Commission, Beverly Buscemi, Director of The South Carolina Department of Disabilities and Special Needs, The South Carolina Department of Health and Human Services, Christian Soura, Director of the South Carolina Department of Health and Human Services, the Greenville County Disabilities and Special Needs Board, and Unknown Actors at the Anderson Disabilities and Special Needs Board, and Unknown Actors at the Greenville County Disabilities and Special Needs Board, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ANSWER OF DEFENDANTS ANDERSON COUNTY DISABILITIES & SPECIAL NEEDS BOARD, HORACE PADGETT, DALE THOMPSON, AND JOHN KING |
| Defendants. | ) ) | |

The Defendants Anderson County Disabilities and Special Needs Board (hereinafter "Anderson County DSN") Horace Padgett, Dale Thompson, and John King, answering the Complaint of the Plaintiffs, allege as follows:

1

## FOR A FIRST DEFENSE.

1. One or more of the Plaintiffs' causes of action fail to allege facts sufficient to constitute a cause of action against these Defendants upon which relief can be granted, and should be dismissed.

## FOR A SECOND DEFENSE.

2. The allegations of paragraph 1 of the First Defense are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Second Defense.

3. Each and every allegation of the Complaint not specifically admitted, qualified, or otherwise explained is denied.

4. These Defendants lack sufficient information to admit or deny the allegations of paragraphs 1 and 2 of the Complaint, and therefore deny the same and demand strict proof thereof.

5. These Defendants admit so much of paragraphs 3 and 5 of the Complaint as alleges that the Defendant Anderson County DSN is a political subdivision of the State of South Carolina, subject to suit under the terms, conditions, and limitations of the South Carolina Tort Claims Act, codified at *S.C. Code Ann.* §§ 15-78-10, through -220 (1986 as amended), and empowered by statute and regulation with authority, duties, and responsibilities set forth by such statute and regulation, and these Defendants do crave reference to such statutes and regulations for an accurate enumeration of the duties and responsibilities of the Defendant Anderson County DSN. These Defendants further admit paragraphs 4 and 6 of the Complaint.

6. These Defendants admit, on information and belief, so much of paragraphs 70, 71, and 82 of the Complaint as alleges that the Plaintiff Johnny Timpson was an individual with special needs and disabilities, was a consumer of the Defendant Anderson County DSN at the Tiny Greer facility from approximately 1998 through August, 2013, and was removed from Tiny

Greer by the Plaintiff Sandra Timpson in August, 2013 to live in her home. The remaining allegations of paragraphs 70, 71, and 82 are denied.

7. These Defendants are informed and believe that paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 29, 30, 32, 33, 35, 64, 81, 85, 144, 150, and 165 of the Complaint allege acts or omissions on the part of other Defendants independent of these Defendants; but to the extent that such paragraphs purport to allege liability on the part of these Defendants, those allegations are denied.

8. Responding to the allegations of paragraphs 21, 50, 51, 101, 106, 110, 112, and 113 of the Complaint, the Plaintiff Johnny Timpson left the Tiny Greer facility run by the Defendant Anderson County DSN in August, 2013, and since that time these Defendants have had no contact with him; these Defendants therefore lack sufficient information to admit or deny the allegations of paragraphs 21, 50, 51, 101, 106, 110, 112, and 113 of the Complaint, deny the same, and demand strict proof thereof.

9. These Defendants deny the allegations of paragraphs 7, 8, 22, 23, 24, 31, 73, 74, 75, 76, 79, 83, 92, 93, 94, 95, 108, 110, 112, 140, 141, 142, 143, 152, 153, 158, 159, 166, 170, and 172 of the Complaint insofar as they purport to allege liability on the part of these Defendants.

10. These Defendants are informed and believe that paragraphs 20, 27, 28, 42, 49, 52, 53, 57, 62, 63, 65, 66, 67, 68, 69, 72, 77, 78, 80, 84, 86, 87, 90, 91, 103, 109, 114, 116, 118, 128, 129, 131, 132, 133, 135, 139, 149, 151, 155, 156, 157, 160, 161, 162, 163, 164, 167, 168, 169, and 171 of the Complaint make conclusory, formulaic, and general allegations against "the Defendants" collectively, rather than alleging any specific act or omission of these Defendants, in particular; and as such, the allegations of those paragraphs are merely legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to specific acts or omissions, dates, or policies of this Defendant. Accordingly the allegations of

3

the forgoing paragraphs are denied insofar as they purport to allege liability on the part of these Defendants.

11. These Defendants deny the allegations of paragraphs 9, 25, 26, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 54, 55, 56, 58, 59, 60, 61, 98, 99, 100, 102, 104, 105, 107, 111, 115, 117, 124, 125, 126, 127, 134, and 148 of the Complaint insofar as those paragraphs purport to paraphrase the law or reach legal conclusions; and these Defendants crave reference to the applicable legal authority for an accurate enumeration of the law.

12. These Defendants deny the allegations of paragraph 154 of the Complaint to the extent that they purport to paraphrase and select out-of-context quotations from the document cited; and these Defendants crave reference to the full text of the document cited for an accurate enumeration of the message conveyed.

13. The allegations of paragraphs 18, 19, 88, 89, 97, 120, 121, 122, 123, 136, 137, 138, 147, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, and 184 of the Complaint require no response; but to the extent that such paragraphs may be deemed to make allegations against these Defendants or request relief, those allegations are denied, and these Defendants deny that the Plaintiffs are entitled to the relief requested.

## FOR A THIRD DEFENSE.

14. The allegations of paragraphs 1 through 13 of the First and Second Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Third and affirmative Defense.

15. These Defendants are informed and believe that the Plaintiffs lack standing to bring one or more of the causes of action alleged, and these Defendants do plead lack of standing as an affirmative defense and complete bar to recovery.

## FOR A FOURTH DEFENSE.

16. The allegations of paragraphs 1 through 15 of the First through Third Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Fourth and affirmative Defense.

17. These Defendants are informed and believe that the Plaintiffs' claims are time-barred by the appropriate statute of limitations, and do plead the statute of limitations as an affirmative defense and complete bar to recovery.

## FOR A FIFTH DEFENSE.

18. The allegations of paragraphs 1 through 17 of the First through Fourth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Fifth and affirmative Defense.

19. These Defendants are informed and believe that one or more of the Plaintiffs' claims are purportedly brought pursuant to statutes that do not create private rights of action, and these Defendants do plead no private right of action as an affirmative defense and complete bar to recovery.

## FOR A SIXTH DEFENSE.

20. The allegations of paragraphs 1 through 19 of the First through Fifth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Sixth and affirmative Defense.

21. These Defendants are informed and believe that, for one or more of the Plaintiffs' claims, they have failed to exhaust their administrative remedies; and these Defendants do plead failure to exhaust administrative remedies as an affirmative defense and complete bar to recovery.

### FOR A SEVENTH DEFENSE.

22. The allegations of paragraphs 1 through 21 of the First through Sixth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Seventh and affirmative Defense.

23. These Defendants plead immunity to the Plaintiffs' claims under the Eleventh Amendment of the United States Constitution and also plead sovereign immunity.

### FOR AN EIGHTH DEFENSE.

24. The allegations of paragraphs 1 through 23 of the First through Seventh Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Eighth and affirmative Defense.

25. These Defendants are informed and believe that the allegations of the Complaint do not fall within the purview of 42 USC §1983, and these Defendants deny that any constitutional, federal, or state rights of the Plaintiffs were in any way violated by these Defendants; and these Defendants further deny that they are in any way responsible for any willful or malicious acts toward the Plaintiffs, or in any way acted with conscious or deliberate indifference to the rights of the Plaintiffs known to this Defendant.

### FOR A NINTH DEFENSE.

26. The allegations of paragraphs 1 through 25 of the First through Eighth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Ninth and affirmative Defense.

27. The Defendants Padgett, Thompson, and King each affirmatively allege that, for that period of time subject of this action, they acted within the course and scope of their official duties and employment at all times, did not perform any acts, nor fail to perform any acts with conscious or deliberate indifference, bad faith, in a malicious manner, or with corrupt motives

with regard to the Plaintiffs, that their actions were objectively reasonable under the law then existing, and that they are, therefore, immune from suit.

## FOR A TENTH DEFENSE.

28. The allegations of paragraphs 1 through 27 of the First through Ninth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Tenth and affirmative Defense.

29. These Defendants, at all times relevant to this case, were engaged in the performance of their respective official duties, and at no time violated any clearly established constitutional rights of the Plaintiffs which were then known to them or should have been known to them; and these Defendants are informed and believe they are entitled to immunity as a matter of law.

## FOR AN ELEVENTH DEFENSE.

30. The allegations of paragraphs 1 through 29 of the First through Tenth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Eleventh and affirmative Defense.

31. These Defendants are informed and believe that liability for an alleged violation of 42 USC § 1983 cannot be imputed through *respondeat superior*; and to the extent that the Plaintiffs seek to impute liability to these Defendants for acts or omissions of agents or employees under these Defendants' supervision, these Defendants do plead *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) as an affirmative defense.

## FOR A TWELFTH DEFENSE.

32. The allegations of paragraphs 1 through 31 of the First through Eleventh Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Twelfth and affirmative Defense.

33. If the Plaintiffs were injured and damaged as alleged in the Complaint—which these Defendants deny—such damage was proximately caused by events over which these Defendants had no control nor right of control, thereby relieving these Defendants from any liability or responsibility therein.

## FOR A THIRTEENTH DEFENSE.

34. The allegations of paragraphs 1 through 33 of the First through Twelfth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Thirteenth and affirmative Defense.

35. If the Plaintiffs were damaged or injured as alleged in the Complaint—which these Defendants deny—such damage was proximately caused by one or more intervening causes independent of any act or omission on the part of these Defendants, and these Defendants plead such independent, efficient, and intervening proximate causes as an affirmative defense and complete bar to recovery.

## FOR A FOURTEENTH DEFENSE.

36. The allegations of paragraphs 1 through 35 of the First through Thirteenth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Fourteenth and affirmative Defense.

37. These Defendants are informed and believe that, if any negligent acts or omissions in the care of the Plaintiff Johnny Timpson contributed to the damages he claims—which these Defendants deny—then any such negligent acts or omissions were intervening acts or omissions of third parties over whom these Defendants exercised no supervision nor control, and were not reasonably foreseeable nor preventable by these Defendants; and these Defendants do plead such intervening negligent acts or omissions of third parties as an affirmative defense and compete bar to recovery.

## FOR A FIFTEENTH DEFENSE.

38. The allegations of paragraphs 1 through 37 of the First through Fourteenth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Fifteenth and affirmative Defense.

39. These Defendants are informed and believe that, as a political subdivision of the State of South Carolina, and as current or former agents and employees of a political subdivision of the State of South Carolina, acting within the course and scope of their official duties, without actual fraud, actual malice, intent to harm, or a crime of moral turpitude, these Defendants are entitled to certain limitations, immunities, and defenses to the Plaintiffs' state law claims under the South Carolina Tort Claims Act, codified at *S.C Code Ann.*§§15-78-10 through -220 (1985 as amended), including, without limitation, immunities and defenses afforded by *S.C Code Ann.* §15-78-60 (3), (4), (5), (12), (13), (20), and (25); and to the extent that such immunities and defenses are available to them, these Defendants plead the various defenses and immunities afforded by the South Carolina Tort Claims Act as an affirmative defense to the claims alleged by the Plaintiffs.

## FOR A SIXTEENTH DEFENSE.

40. The allegations of paragraphs 1 through 39 of the First through Fifteenth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Sixteenth and affirmative Defense.

41. These Defendants are informed and believe that at all times relevant to the allegations of the Complaint, they were in compliance with the ADA and Rehabilitation Act, except when compliance was unfeasible, impractical, or created undue hardship; and these Defendants do plead such compliance as an affirmative defense to the Plaintiffs' claims under the ADA and Rehabilitation Act.

## FOR A SEVENTEENTH DEFENSE.

42. The allegations of paragraphs 1 through 41 of the First through Sixteenth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Seventeenth and affirmative Defense.

43. These Defendants are informed and believe that, to the extent the Plaintiffs have alleged these Defendants violated §504 of the Rehabilitation Act by adopting or following procedures that were inadequate, there is no statutory provision to assert such a claim for procedural inadequacy; and these Defendants do plead such lack of statutory provision for the claimed relief as an affirmative defense and complete bar to recovery.

## FOR AN EIGHTEENTH DEFENSE.

44. The allegations of paragraphs 1 through 43 of the First through Seventeenth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Eighteenth and affirmative Defense.

45. These Defendants are informed and believe that one or more of the Plaintiffs' claims against these Defendants are not ripe for adjudication; and these Defendants do plead such lack of ripeness as an affirmative defense and complete bar to recovery.

## FOR A NINETEENTH DEFENSE.

46. The allegations of paragraphs 1 through 45 of the First through Eighteenth Defenses are re-asserted and re-alleged as fully as if set forth verbatim herein insofar as they are not inconsistent with this Nineteenth and affirmative Defense.

47. These Defendants are informed and believe that, to the extent the Plaintiffs seek punitive damages from these Defendants, punitive or exemplary damages are barred by *S.C. Code Ann*. §15-78-120(b) of the South Carolina Tort Claims Act; and these Defendants do plead §15-78-120(b) as an affirmative defense to any such punitive damages claim.

WHEREFORE, having fully answered the Complaint of the Plaintiffs, the Defendants Anderson County Disability and Special Needs Board, Horace Padgett, Dale Thompson, and John King pray that the same be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court may deem appropriate.

    DAVIS FRAWLEY, LLC

    s/Patrick J. Frawley
    Patrick J. Frawley, Fed. I.D. #890

    s/W. Joseph Maye
    W. Joseph Maye, Fed. I.D. #11644
    140 East Main Street (29072)
    PO Box 489
    Lexington SC 29071-0489
    (803) 359-2512; F: (803) 359-7478
    pat@oldcourthouse.com
    jmaye@oldcourthouse.com

    ATTORNEYS FOR DEFENDANTS ANDERSON COUNTY DISABILITIES AND SPECIAL NEEDS BOARD, HORACE PADGETT, DALE THOMPSON, AND JOHN KING

Lexington, South Carolina
April 22, 2016.