## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| Johnny Timpson, by and through his Conservator, Sandra Timpson, and Sandra Timpson, in her individual capacity, ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION NO. 6:16-cv-01174-MGL |
| vs. ) ) | |
| Nikki Haley, Governor of the State of South Carolina, the Anderson County Disabilities and Special Needs Board, Horace Padgett, Chairman of the Anderson County Disabilities and Special Needs Board, Dale Thompson, former executive director of the Anderson County Disabilities and Special Needs Board, John King, current director of the Anderson Disabilities and Special Needs Board, and The South Carolina Department of Disabilities and Special Needs (DDSN), William Danielson, Chairman DDSN Commission, Beverly Buscemi, Director of The South Carolina Department of Disabilities and Special Needs, The South Carolina Department of Health and Human Services, Christian Soura, Director of the South Carolina Department of Health and Human Services, the Greenville County Disabilities and Special Needs Board, and Unknown Actors at the Anderson Disabilities and Special Needs Board, and Unknown Actors at the Greenville County Disabilities and Special Needs Board, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **LOCAL RULE 26.03 DISCLOSURES OF THE DEFENDANTS ANDERSON COUNTY DISABILITIES AND SPECIAL NEEDS BOARD, HORACE PADGETT, DALE THOMPSON, AND JOHN KING.** |
| Defendants. ) ) | |

Pursuant to Local Rule 26.03 and the Court's April 25, 2016 Conference and Scheduling Order, the Defendants Anderson County Disabilities and Special Needs Board, Horace Padgett, Dale Thompson, and John King hereby make the following joint Disclosures:

1

**1.     A short statement of the facts of the case.**

The Plaintiff Johnny Timpson is a 58-year-old man with no physical limitations but moderate intellectual disabilities, who resided at the Tiny Greer CTH II facility operated by the Anderson County Disabilities and Special Needs Board (hereinafter "ACDSNB") from 1998 through August, 2013, when he was removed from Tiny Greer by his sister, the Plaintiff Sandra Timpson, to live in her home in Greenville County, where, to the knowledge of these Defendants, he has resided since leaving Tiny Greer.  The services the Plaintiff Johnny Timpson received from ACDSNB while at Tiny Greer were individualized and were formatted for Mr. Timpson based upon assessed needs particular to him.  These Defendants have no knowledge of what services Mr. Timpson has received since leaving the Tiny Greer facility and moving in with his sister in August, 2013.

The Plaintiffs filed no verified damage claim with the Defendant ACDSNB pursuant to *S.C. Code Ann.* §15-78-80 of the South Carolina Tort Claims Act prior to filing their lawsuit February 23, 2016.

The Plaintiffs allege several separate and discrete claims against the Defendants collectively. The first cause of action sounds in gross negligence under the South Carolina Tort Claims Act, and alleges personal injury on the part of the Plaintiff Johnny Timpson and financial loss on the part of the Plaintiff Sandra Timpson, proximately caused by unspecified acts or omissions of unspecified Defendants.  The second cause of action sounds in Violation of the Americans with Disabilities Act, and alleges acts or omissions of unspecified Defendants.  The third cause of action alleges violations of section 504 of the Rehabilitation Act, again alleging acts or omissions against all Defendants collectively.   The fourth cause of action alleges Violation of the South Carolina Administrative Procedures Act and Separation of Powers, again alleging collective acts of "the Defendants."  Finally, the fifth cause of action sounds in 42 U.S.C. § 1983, and alleges acts or omissions of the Defendants collectively.

The Defendants ACDSNB, Padgett, Thompson, and King deny the claims of both Plaintiffs, and have raised affirmative defenses to the claims, including statute of limitations to the State Law claim, no private right of action, failure to exhaust administrative remedies, intervening negligence of third parties, South Carolina Tort Claims Act defenses to the extent available to the State Law claims, qualified immunity, and other defenses.

**2.     The names of fact witnesses likely to be called by the parties and a brief summary of their expected testimony:**

2

In addition to witnesses named by the Plaintiffs or co-Defendants, the Defendants ACDSNB, Padgett, Thompson, and King add the following:

A.     Tyler Rex—is expected to testify to his employment as Executive Director with the Defendant ACDSNB since March 1, 2016, to the records of Mr. Timpson generated and kept in the ordinary course of business for ACDSNB, and to any knowledge he may have of the facts and circumstances of the Plaintiffs' claims against ACDSNB.

B.     Horace Padgett—is expected to testify to his service as Chairman of the Defendant ACDSNB, to the scope of his duties and the level of his involvement—or non-involvement—with the Plaintiff Johnny Timpson, and to any knowledge he may have of the facts and circumstances of the Plaintiffs' claims against ACDSNB and himself.

C.     Dale Thompson—is expected to testify to his formerly being employed as Executive Director of the Defendant ACDSNB, to the scope of his duties and the level of his involvement—or non-involvement—with the Plaintiff Johnny Timpson, and to any knowledge he may have of the facts and circumstances of the Plaintiffs' claims against ACDSNB and himself.

D.     John King—is expected to testify to his formerly being employed as Director of the Defendant ACDSNB, to the scope of his duties and the level of his involvement—or non-involvement—with the Plaintiff Johnny Timpson, and to any knowledge he may have of the facts and circumstances of the Plaintiffs' claims against ACDSNB and himself.

E.     Sandy Chapman—is expected to testify to her employment and service with the Defendant ACDSNB as Case Manager, to the scope of her duties and the level of her involvement with the Plaintiffs Johnny Timpson and Sandra Timpson in that capacity, and to any knowledge she may have of the facts and circumstances of the Plaintiffs' claims against ACDSNB and the other Defendants.

F.     Lawrence A. Walker—is expected to testify to his employment and service with the Defendant ACDSNB as Associate Residential Director, to the scope of his duties and the level of his involvement with the Plaintiff Johnny Timpson in that capacity, and to any knowledge he may have of the facts and circumstances of the Plaintiffs' claims against ACDSNB and the other Defendants.

G.     Jerrel Lynn King—is expected to testify to her employment and service with the Defendant ACDSNB as Director of Family Support Services, to the scope of her duties and the level of her involvement with the Plaintiffs Johnny Timpson and Sandra Timpson in that capacity, and to any knowledge she may have of the facts and circumstances of the Plaintiffs' claims against ACDSNB and the other Defendants.

3.     **Expert Witnesses.**

These Defendants have not retained expert witnesses, but reserve the right to utilize expert witnesses as the case proceeds.

**4.    A summary of the claims or defenses with statutory and/or case citations supporting the same.**

    A.    These Defendants assert a qualified general denial to the allegations of the Complaint, and affirmative defenses sounding in Fed.R.Civ.P. 12(b)(6) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Nor will a Complaint suffice if it tenders "naked assertions devoid of further factual enhancement."), statute of limitations to the State Law claims under *S.C. Code Ann*. §§15-78-80 and -100, intervening acts or omissions of Third Parties, under *Bishop v. South Carolina Department of Mental Health*, 331 S.C. 79, 502 S.E.2d 78 (1998), immunities and defenses to State Law claims afforded by the South Carolina Tort Claims Act, including *S.C. Code Ann*. § 15-78-60 (3), (4), (5), (12), (13), (20), and (25) and § 15-78-120(b), no conscious or deliberate indifference to the rights of the minor Plaintiff under 42 U.S.C. § 1983, qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and, *Torcasio v. Murray*, 57 F.3d 1340, 1343 (4th Cir. 1995), no imputing of liability of an alleged violation of 42 U.S.C. § 1983 by *respondeat superior* relying upon *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), and independent and intervening cause under *Jacobs v. Atlantic Coastline R. Co*., 147 S.C. 184, 145 S.E. 146 (1928) and *Roddey v. Wal-Mart Stores East, LP, U.S.*, 400 S.C. 59, 732 S.E.2d 635 (Ct. Ap. 2012).

    B.    These Defendants also join with the SCDDSN Defendants with regard to the Plaintiffs' Second through Fifth Causes of Action, all of which appear to allege some form of non-physical injury as a result of services which were allegedly not provided to the Plaintiff Johnny Timpson. No requests for these services were actually made, much less denied; and as a result, none of these remaining claims are in any way ripe for adjudication.

As the SCDHHS Defendants have pointed out in their 26.03 disclosures, it has been held in several prior cases filed by one of the attorneys for the Plaintiffs that the proper avenue for obtaining services is to apply to the agency for those services, and if the services are denied, to then appeal through the state administrative process. *Cf*., *Chip E. v. Buscemi*, No. 15-1039, 2016 WL 1720593, at *1 (4th Cir. Apr. 29, 2016)( "any denial [of services] or unreasonable delay would be subject to review through the state administrative

4

process, and potentially beyond. *See, Doe v. Kidd*, 501 F.3d 348, 351–52 (4th Cir.2007) (describing the process for service and assistance requests in South Carolina.")[1]

These Defendants are further informed and believe that the Fourth Circuit noted in *Chip E., supra*, that "there is no evidence in the record that Chip or his physician formally requested any additional services," which was a holding that Chip's claims were not ripe for adjudication. The Fourth Circuit and this Court have held on several occasions that a claim for Medicaid Waiver benefits is not ripe for adjudication when filed before a request to the agency and acted upon. *McGhee v. Dir., Dep't of Mental Health and Hygiene*, No. 97–2588, 1998 WL 403329, *3 (4th Cir.1998) (unpublished table decision); *Levin v. S. Carolina Dep't of Health & Human Servs.*, No. 3:12-CV-0007-JFAA, 2015 WL 1186370, at *9 (D.S.C. Mar. 16, 2015)(appeal pending); *Kobe v. Haley*, No. CA 3:11-1146, 2014 WL 4954678, at *6 (D.S.C. Sept. 30, 2014)(appeal pending). Indeed, the two Fourth Circuit cases cited in the preceding paragraph above would indicate that an individualized denial of Medicaid Waiver services is not a matter for a separate court action at all, but rather is always something that can only be addressed through the state administrative process.

**5.     Dates for deadlines to exchange Fed. R. Civ. P. 26(a)(2) expert disclosures and for completion of discovery.**

The Defendants herein will serve their Fed.R.Civ.P. 26(a)(2) expert disclosures on or before October 21, 2016 in accordance with the proposed Consent Scheduling Order submitted by the parties, or at such earlier time as the Court directs.

**6.     Special circumstances that would affect the time frames applied in preparing the scheduling order.**

None identified at this time.

**7.     Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

None identified at this time.

**[ SIGNATURE BLOCK APPEARS ON FOLLOWING PAGE ]**

---

[1] A petition for rehearing was filed in *Chip E.* on May 13, 2016.

        DAVIS FRAWLEY, LLC

        s/Patrick J. Frawley
        Patrick J. Frawley, Fed. I.D. #890
        140 East Main Street (29072)
        PO Box 489
        Lexington SC 29071-0489
        (803) 359-2512; F: (803) 359-7478
        pat@oldcourthouse.com
        ATTORNEYS FOR DEFENDANTS
        ANDERSON COUNTY DISABILITIES AND
        SPECIAL NEEDS BOARD, HORACE
        PADGETT, DALE THOMPSON, AND JOHN
        KING

Lexington, South Carolina
May 31, 2016.