

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JOHNNY TIMPSON, by and through his Conservator Sandra Timpson, and SANDRA TIMPSON, in her individual capacity, § § § § § Plaintiffs, § § vs. § § NIKKI HALEY, Governor of the State of § South Carolina, ANDERSON COUNTY § DISABILITIES AND SPECIAL NEEDS § BOARD, HORACE PADGETT, Chairman of § the Anderson County Disabilities and Special § Needs Board, DALE THOMPSON, former § Executive Director of the Anderson Disabilities § and Special Needs Board, JOHN KING, § Current Director of the Anderson Disabilities § and Special Needs Board, SOUTH § CAROLINA DEPARTMENT OF § DISABILITIES AND SPECIAL NEEDS, § WILLIAM DANIELSON, Chairman DDSN § Commission, BEVERLY BUSCEMI, Director § of the South Carolina Department of § Disabilities and Special Needs, SOUTH § CAROLINA DEPARTMENT OF HEALTH § AND HUMAN SERVICES, CHRISTIAN § SOURA, Director of the South Carolina § Department of Health and Human Services, § GREENVILLE COUNTY DISABILITIES § AND SPECIAL NEEDS BOARD, § UNKNOWN ACTORS at the Anderson § Disabilities and Special Needs Board, § UNKNOWN ACTORS at the Greenville § County Disabilities and Special Needs Board § and/or Thrive Upstate, TYLER REX, Director § of the Anderson DSN Board, ALEXANDER § | CIVIL ACTION NO. 6:16-1174-MGL |

| | |
|---|---|
| MCNAIR, Chairman of the Board of Thrive Upstate, formerly known as the Greenville County Disabilities and Special Needs Board, JOHN COCCIOLINE, Director of Thrive Upstate, UNKNOWN ACTORS at the South Carolina Department at Health and Human Services, UNKNOWN ACTORS at the Department of Disabilities and Special Needs, and THRIVE UPSTATE,<br>              Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT SOURA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### I.    INTRODUCTION

Plaintiffs Johnny Timpson, by and through his Conservator Sandra Timpson, and Sandra Timpson, in her individual capacity, bring this action against Defendants for their alleged violations of the following statutes: (1) the South Carolina Torts Claims Act (SCTCA), S.C. Code Ann. § 15-78-210, (2) the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, (3) Section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 794, (4) the South Carolina Administrative Procedures Act (SCAPA), S.C. Code Ann. § 1-23-301, and (5) 42 U.S.C. § 1983.   The Court has federal question jurisdiction over Plaintiffs' ADA, RA, and § 1983 claims under 28 U.S.C. § 1331 and it has supplemental jurisdiction over Plaintiffs' SCTCA and SCAPA causes of action under 28 U.S.C. § 1367.

Pending before the Court is Defendant Christian Soura's motion for partial summary judgment.   Having considered the motion, the response, the reply, the record, and the applicable law, the Court will deny the motion.

II.     **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Timpson receives Medicaid services under the South Carolina Intellectually Disabled and Related Disabilities Waiver (SCIDRDW).  Medicaid provides financial assistance to states to assist them in providing medical care to needy individuals. A waiver such as the SCIDRDW allows states to "waive" some requirements of the Medicaid program and provide services to eligible participants in a manner disallowed under the regular Medicaid program.

Plaintiffs complain Defendants have violated the SCAPA by imposing rules that limit Medicaid waiver services without promulgating regulations.  According to Plaintiffs, Defendants imposed caps on services that violate the directives of the United States Supreme Court and the South Carolina General Assembly to provide services in the least restrictive setting.

Subsequent to Plaintiffs' filing of their Amended Complaint with the Court, Defendant Soura filed the instant motion for partial summary judgment.  The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

III.    **STANDARD OF REVIEW**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by

3

affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### IV.     CONTENTIONS OF THE PARTIES

Defendant Soura urges the Court to dismiss this action against him in his official capacity as the director of South Carolina Department of Health and Human Resources (the Agency) because, by naming both him and the Agency separately, the causes of action are duplicative. Defendant also maintains Defendants are entitled to summary judgment on Plaintiffs' SCAPA

claim because, according to Defendant Soura, the terms put forth in the SCIDRDW can be enforced without promulgating regulations.

Plaintiffs takes issue with each of Defendant Soura's arguments.

**V.   DISCUSSION AND ANALYSIS**

First, Defendant Soura contends Plaintiffs' claims against him in his official capacity as the Director of the Agency are duplicative of the claims against the Agency itself. Thus, according to Defendant Soura, the claims ought to be dismissed against him in his official capacity.

"Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 171 n.14 (1985). For this reason, "implementation of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State." *Id*. In that the State's policy regarding Medicaid waivers can "be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State[,]" *id*., the Court will deny Defendant Soura's request to be dismissed from this action in his official capacity.

Second, Defendant Soura maintains there has been no violation of the SCAPA because the terms set forth in the waiver can be enforced without promulgating regulations.

Citing to the SCAPA, the South Carolina Supreme Court opined "an agency guideline . . . can never trump a regulation." *Doe v. SC Dep't of Health & Human Servs.*, 727 S.E.2d 605, 608 n.7 (S.C. 2011). The term "regulation" refers to "each agency statement of general public applicability that implements or prescribes law or policy or practice requirements of any agency. *Policy or guidance issued by an agency other than in a regulation does not have the force or effect of law*." *Id*. (quoting S.C. Code Ann. § 1–23–10(4)) (internal quotation marks omitted). Hence,

it necessarily follows a waiver document such as SCIDRDW fails to carry the force and effect of law when its contents contradict federal or state law.   Because, as already noted, Plaintiffs contend Defendants imposed caps on services under the SCIDRDW that are violative of the directives of the United States Supreme Court and the South Carolina General Assembly to provide services in the least restrictive setting, the Court will deny Defendant Soura's request to dismiss Plaintiff's SCAPA claim.

## VI.  CONCLUSION

Therefore, based on the foregoing discussion and analysis, Defendant Soura's motion for partial summary judgment is **DENIED**.

Concerning Plaintiffs' brief suggestion of Defendant Soura's bad faith in filing this motion, the Court is unpersuaded.   Hence, each party will be responsible for its own fees and costs related to this motion.

**IT IS SO ORDERED**.

Signed this 14th day of February, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
