

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JOHNNY TIMPSON, by and through his Conservator Sandra Timpson; and SANDRA TIMPSON, in her individual capacity, Plaintiffs, vs. NIKKI HALEY, Governor of the State of South Carolina; ANDERSON COUNTY DISABILITIES AND SPECIAL NEEDS BOARD; HORACE PADGETT, Chairman of the Anderson County Disabilities and Special Needs Board; DALE THOMPSON, former Executive Director of the Anderson Disabilities and Special Needs Board; JOHN KING, Current Director of the Anderson Disabilities and Special Needs Board; SOUTH CAROLINA DEPARTMENT OF DISABILITIES AND SPECIAL NEEDS; WILLIAM DANIELSON, Chairman DDSN Commission; BEVERLY BUSCEMI, Director of the South Carolina Department of Disabilities and Special Needs; SOUTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHRISTIAN SOURA, Director of the South Carolina Department of Health and Human Services; GREENVILLE COUNTY DISABILITIES AND SPECIAL NEEDS BOARD; UNKNOWN ACTORS at the Anderson Disabilities and Special Needs Board; UNKNOWN ACTORS at the Greenville County Disabilities and Special Needs Board and/or Thrive Upstate; TYLER REX, Director of the Anderson DSN Board; ALEXANDER MCNAIR, Chairman of the Board of Thrive | CIVIL ACTION NO. 6:16-1174-MGL |

| | |
|---|---|
| Upstate, formerly known as the Greenville County Disabilities and Special Needs Board; JOHN COCCIOLONE, Director of Thrive Upstate; UNKNOWN ACTORS at the South Carolina Department of Health and Human Services; UNKNOWN ACTORS at the Department of Disabilities and Special Needs; and THRIVE UPSTATE, <br>　　　　　　Defendants. | § § § § § § § § § § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT HALEY'S MOTION TO DISMISS,
GRANTING IN PART AND DENYING IN PART
DEFENDANT HALEY'S MOTION TO SUBSTITUTE,
DENYING DEFENDANT HALEY'S MOTION FOR A PROTECTIVE ORDER,
AND HOLDING IN ABEYANCE INTERESTED PARTY THE UNITED STATES'
MOTION FOR A PROTECTIVE ORDER**

**I.　INTRODUCTION**

In this action, Plaintiffs complain of Defendants' alleged violations of: the South Carolina Tort Claims Act, § 15-78-210; the federal Americans with Disabilities Act (ADA), 42 U.S.C. § 12188; the federal Rehabilitation Act, 29 U.S.C. § 794(a); the South Carolina Administrative Procedures Act, S.C. Code Ann. § 1-23-310; the South Carolina Constitution separation of powers doctrine, S.C. Const. art. I, § 8; and 42 U.S.C. § 1983. The Court has jurisdiction over the matter under 28 U.S.C. §§ 1331 and 1367(a).

The matter is before the Court for its consideration of Defendant Nikki Haley's motion to dismiss the action against her as per Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Haley's motion to substitute party, Haley's motion for a protective order, and Interested Party the United States of America's motion for a protective order. Having reviewed the motions, the record, and the applicable law, it is the opinion of the Court Haley's motion to dismiss will be denied, Haley's motion to substitute party will be granted in part and denied in part, Haley's motion for

protective order will be denied, and the United States' motion for a protective order will be held in abeyance.

## II.     FACTUAL AND PROCEDURAL HISTORY

The facts and allegations that are the basis of this lawsuit are well known by the parties. The Court, thus, need not recite them here.

After Plaintiffs filed their amended complaint, Haley filed a motion to dismiss. Subsequent to Haley being confirmed to be the United States Ambassador to the United Nations, she filed a motion to substitute current Governor Henry McMaster in her place. Haley and the United States have also each filed separate motions for protective orders.

Having been fully briefed on the relevant issues, the Court is prepared to adjudicate each of these motions.

## III.    HALEY'S MOTION TO DISMISS

### A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate claims. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). Unless a matter involves an area of a federal court's exclusive jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states," 28 U.S.C.

§ 1332(a)(1). In reviewing a motion to dismiss under Rule 12(b)(1), the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The purpose of a Rule 12(b)(6) motion, on the other hand, "is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(a) does not require "detailed factual allegations," but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)), to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)). A claim is considered facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need to be accepted

4

only to the extent "the plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In sum, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true, even if doubtful in fact. *Twombly*, 550 U.S. at 555.

**B. Contentions of the Parties**

In Haley's motion to dismiss, she avers the tort claims leveled against her are barred by the statute of limitations. Haley also maintains, as the then-Governor of South Carolina, she is not a proper defendant in this lawsuit because she had neither control nor enforcement rights over the state agencies, the State's Department of Disabilities and Special Needs and Department of Health and Human Services, which were responsible for Johnny Timpson's care. Haley further enounces, as the then-Governor, inasmuch as she was without personal and individual involvement in Johnny Timpson's case or care, she is an improper defendant as to Plaintiffs's § 1983 claims.

Plaintiffs dispute each of Haley's claims.

**C. Discussion and Analysis**

First, Haley argues Plaintiffs' claims under the South Carolina Tort Claims Act are barred by its two-year statute of limitations. The Court disagrees.

Johnny Timpson's injuries occurred in 2013. Plaintiffs waited until 2016 to file their complaint. The Tort Claims Act states "any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered." S.C. Code Ann. § 15-78-10. But, as Plaintiffs note, the South Carolina Supreme Court has opined, in light of S.C. Code Ann. § 15-3-40 (giving one with a mental disability up to an additional five years beyond the statute of limitations to file an action), "an

5

insane plaintiff would apparently have seven years from discovery to bring a negligence action under the Tort Claims Act." *Harrison v. Bevilacqua*, 580 S.E.2d 109, 115 n.5 (2003).

As Timpson suffers from mental disabilities that require constant care, Plaintiffs' complaint is subject to the five-year extension of the statute of limitations. Thus, the Court will deny this portion of Haley's motion to dismiss.

Second, Haley contends she is an improper defendant to this action because Plaintiffs implicated her only in her position as the then-Governor of the state. Haley argues she is insulated from liability for the purported misdeeds of state agencies that provided services to Johnny Timpson inasmuch as she lacked control or enforcement rights over those agencies. The Court is unpersuaded.

Plaintiffs allege Haley possessed personal knowledge of systemic abuse, neglect, and exploitation of mentally disabled adults such as Timpson, failed to take reasonable action to protect them, and even retaliated against those who complained. In that the Court must accept Plaintiffs' allegations as true when considering Haley's motion to dismiss, the Court must deny this section of Haley's motion, too.

Third, Haley states, because Plaintiffs failed to allege she was personally or individually involved in Johnny Timpson's care or case and inasmuch as respondeat superior is inapplicable to Plaintiffs' § 1983 claims, the Court must dismiss those claims against her. The Court is unconvinced.

Plaintiff have set forth specific allegations of Haley's active participation in wrongful conduct violative of Johnny Timpson's constitutional rights. Consequently, it would be improper for the Court to grant Haley's request for dismissal of Plaintiffs' § 1983 claims at this stage of the proceedings.

## IV. HALEY'S MOTION TO SUBSTITUTE

### A. Standard of Review

Rule 25 of the Federal Rules of Civil Procedure states "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). Instead, "[t]he officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The [C]ourt may order substitution at any time, but the absence of such an order does not affect the substitution." *Id*.

### B. Contentions of the Parties

In Haley's motion to substitute parties, she contends she is no longer a proper defendant in this lawsuit because she is no longer Governor of South Carolina. She maintains, in that she was sued in her official capacity by Plaintiffs, current Governor Henry McMaster should be substituted in her place in this action.

Plaintiffs agree McMaster should be substituted for Haley as to any claims levied against her in her official capacity as governor. Plaintiffs, however, dispute they sued her just in her official capacity.

### C. Discussion and Analysis

The parties agree McMaster should be substituted for Haley for any allegations made towards Haley in her official capacity in the office of the Governor. McMaster, however, is unable to be substituted for Haley as to the allegations against her individually. Consequently, the Court will grant this motion in part and deny it in part.

## V. HALEY'S MOTION FOR A PROTECTIVE ORDER

### A. Standard of Review

The propriety of entering a protective order is committed to the sound discretion of the trial court. *Fonner v. Fairfax Cty.*, 415 F.3d 325, 330 (4th Cir. 2005). "[A] district court has wide latitude in controlling discovery and that its rulings will not be overturned absent a showing of clear abuse of discretion. The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) (citations omitted).

### B. Contentions of the Parties

Haley asks the Court to enter a protective order disallowing Plaintiffs' counsel to depose her because, according to her, she is an improper defendant in this action. Plaintiffs disagree.

### C. Discussion and Analysis

As provided above, the Court is of the opinion Haley has failed to establish she is an improper party to this lawsuit. Hence, the Court will deny her motion and order she make herself available to being deposed by Plaintiffs' counsel within sixty days of the filing of this Order.

## VI. THE UNITED STATES' MOTION FOR A PROTECTIVE ORDER

### A. Contentions of the Parties

The United States seeks a protective order to prevent the depositions of two employees of the United States Department of Health and Human Services (DHHS), Centers for Medicare and Medicaid Services, Ms. Jackie Glaze and Ms. Kenni Howard. It also seeks to block further production of documents pursuant to what, according to it, is a vague document request that is

unduly burdensome.

**B. Standard of Review**

"A person suffering legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A).

Request for testimony by a DHHS employee in his or her official capacity must "state the nature of the requested testimony, why the information sought is unavailable by other means, and the reasons why the testimony would be in the interest of the DHHS or the federal government." 45 C.F.R. § 2.4(a). A federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations. *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th. Cir. 1989).

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Deliberative process privilege protects "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). This rule is designed to protect internal communications between

governmental officials and to encourage open and frank discussions of policy issues. *Dep't of the Interior v. Klamath Waters Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The burden is on the government to demonstrate the applicability of the privilege. *Rein v. U.S. Patent & Trademark Office*, 552 F.3d 353, 366 (4th Cir. 2009).

### C. Discussion and Analysis

Simply put, having exhaustively reviewed the arguments of both the United States and Plaintiffs, it appears to the Court Plaintiffs' discovery requests to the United States are somewhat vague and unduly burdensome, but the United States' objections go further than they ought.

The Court is well aware of the excellent reputations both Plaintiffs' counsel and local counsel for the United States enjoy, both with the bench and the bar. As such, it is confident they will be able to work out this matter without further Court intervention. Accordingly, counsel shall conference and then submit to the Court a joint status report not later than Wednesday, August 30, 2017, stating whether they have resolved this dispute.

## VII. CONCLUSION

In light of the foregoing discussion, Haley's motion to dismiss is **DENIED**, Haley's motion to substitute party is **GRANTED IN PART AND DENIED IN PART**, Haley's motion for a protective order is **DENIED**, and the United States' motion for a protective order is **HELD IN ABEYANCE**.

As stated above, Haley shall make herself available to being deposed by Plaintiffs' counsel within sixty days of the filing of this Order; and counsel for Plaintiffs and the United States shall conference and then submit to the Court a joint status report not later than Wednesday, August 30, 2017, stating whether they have resolved the United States's motion for

a protective order. As to any request for attorneys' fees and costs, each party shall bear their own.

Further, not later than Thursday, August 31, 2017, the parties shall conference and then submit to the Court a joint consent amended scheduling order for this action.

**IT IS SO ORDERED**.

Signed this 24th day of August, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE