IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Johnny Timpson, by and through his, Conservator, Sandra Timpson, and Sandra Timpson, in her individual capacity,<br><br>      Plaintiff,<br><br>v.<br><br>Nikki Haley, *et al.*,<br><br>      Defendants. | C/A No. 6:16-cv-1174-DCC<br><br><br><br>**OPINION AND ORDER** |

   This matter comes before the Court upon Plaintiffs' Petition for Interim Fees and Costs, ECF No. 143, a Motion to Strike Plaintiffs' Petition for Interim Fees and Costs, ECF No. 146, and a Motion to Stay Plaintiffs' Petition for Interim Fees and Costs, ECF No. 147.

   Plaintiffs complain of Defendants' alleged violations of numerous state and federal statutes related to the implementation and administration of South Carolina's Medicaid Program. The action is currently stayed by Order of the Honorable Mary Geiger Lewis, United States District Judge for the District of South Carolina, pending resolution of Defendant Nikki Haley's Motion for Clarification, or Alternatively, for Other Relief.[1] ECF Nos. 133, 135. There are a number of other pending discovery-related disputes, including a request by Plaintiffs to take several depositions beyond the deadline established by the Scheduling Order. ECF No. 144.

   Plaintiffs have filed a Petition for Interim Fees and Costs pursuant to 42 U.S.C. § 1988(b) and 42 U.S.C. § 12205, which both permit the recovery of attorneys' fees and costs by a "prevailing

---

[1] The Court will address the remaining motions in this case in a hearing to be scheduled as soon as practicable.

party."  In sum and substance, Plaintiffs argue that they should be able to recover for obtaining a successful result in a parallel State administrative proceeding.  The Court disagrees.

The Supreme Court of the United States has held that courts must find that "'a plaintiff [has] receive[d] at least some relief on the merits of his claim before he can be said to prevail.'" *Texas State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 792 (1989) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)); *see also Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) ("A plaintiff 'prevails,' we have held, 'when actual relief *on the merits of his claim* materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" (emphasis added) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992))).  Here, Plaintiffs have not yet obtained any relief in this federal action, and thus cannot be considered a prevailing party.  There will come a time in this litigation where a "prevailing party" emerges; however, that time is not now.

Accordingly, Plaintiffs' Petition for Interim Fees and Costs is **DISMISSED WITHOUT PREJUDICE**, and the Motion to Strike Plaintiffs' Petition for Interim Fees and Costs and the Motion to Stay Plaintiffs' Petition for Interim Fees and Costs are **DENIED AS MOOT**.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

January 23, 2018
Spartanburg, South Carolina