IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Johnny Timpson, by and through his, Conservator, Sandra Timpson, and Sandra Timpson, in her individual capacity, </br></br>Plaintiff,</br></br>v.</br></br>Nikki Haley, *et al.*,</br></br>Defendants. | C/A No. 6:16-cv-1174-DCC </br></br></br></br></br></br>**OPINION AND ORDER** |

This matter comes before the Court upon Defendant Nikki Haley's Motion for Clarification, or Alternatively, for Other Relief, and Motion to Stay, ECF No. 133, and Plaintiffs' Motion to Substitute Pursuant to Federal Rule of Civil Procedure 25(d) and to Depose Interim Directors of DHHS and DDSN and CMS Witnesses, ECF No. 144. The motions have been briefed, and the matters are ripe for consideration.

## BACKGROUND

Plaintiffs allege violations of numerous state and federal statutes related to the implementation and administration of South Carolina's Medicaid Program. In the Amended Complaint, Plaintiffs name a number of defendants, including "Nikki Haley, Governor of the State of South Carolina." ECF No. 41.

On January 3, 2017, Defendant Nikki Haley, Governor of the State of South Carolina, filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), in which she asked the Court to dismiss the action against her because, inter alia, Governor Haley is not a proper defendant because "[t]here is no allegation that the Governor was personally or individually involved in the Plaintiff's care or case." ECF No. 66 at 3. Thereafter, on February 16, 2017,

1

following Defendant Haley's confirmation as Ambassador to the United Nations but prior to her scheduled deposition, she "move[d] that she be removed as a party Defendant and her successor, Governor Henry McMaster, be substituted as a party Defendant." ECF No. 78 at 2. Plaintiffs filed a response, in which they acknowledged that Governor Henry McMaster should automatically be substituted for the claims against Defendant Haley in her official capacity, but stated that they "are entitled to take the deposition of Nikki Haley[1] to establish facts alleged in their amended complaint **and to determine whether she may be liable, in her individual capacity, for any of the claims alleged in the amended complaint**." ECF No. 80 at 1–2 (emphasis added).

In response, on February 23, 2017, counsel for the Defendant Office of the Governor, moved for a protective order regarding Defendant Haley's deposition, claiming that the deposition notice was not served until February 9, 2017, which was after Defendant Haley left her position as Governor. ECF No. 82 at 4. Therefore, counsel asserted that it could not accept service of the deposition notice or produce her for a deposition. ECF No. 82 at 4. On February 24, 2017, counsel filed a Joint Status Report, in which they informed the Court that they could not reach an agreement regarding Defendant Haley's deposition. ECF No. 83. Thereafter, the parties filed responses and replies to the various pending motions, but Nikki Haley's deposition did not go forward. *See, e.g.,* ECF Nos. 86, 98, 100–02, 104.

On August 24, 2017, the Court issued an Order in which it denied Defendant Haley's Motion to Dismiss, finding, inter alia, that "Plaintiffs allege Haley possessed personal knowledge

---

[1] According to Plaintiffs, a deposition notice was served upon Defendant Haley's counsel while she was still Governor. ECF No. 80 at 2. According to Plaintiffs' timeline, a deposition notice for January 18, 2017, was served on January 6, 2017. *Id.* at 4. On January 18, 2017, Plaintiffs rescheduled the deposition for February 24, 2017. *Id.* However, according to counsel for Office of the Governor, the deposition notice was not served on counsel until February 9, 2017. ECF No. 82 at 4. Defendant Haley resigned as Governor on January 24, 2017. ECF No. 118-2.

2

of systemic abuse, neglect, and exploitation of mentally disabled adults such as [Plaintiff Johnny Timpson], failed to take reasonable action to protect them, and even retaliated against those who complained. In that the Court must accept Plaintiffs' allegations as true when considering Haley's motion to dismiss, the Court must deny this section of Haley's motion . . . ." ECF No. 113 at 6. The Court further granted in part and denied in part Defendant Haley's Motion to Substitute, finding that "McMaster should be substituted for Haley for any allegations made towards Haley in her official capacity in the office of the Governor. McMaster, however, is unable to be substituted for Haley as to the allegations against her individually." *Id.* at 7. With respect to Defendant Haley's Motion for a Protective Order, the Court held that it "is of the opinion Haley has failed to establish she is an improper party to this lawsuit. Hence, the Court will deny her motion and order she make herself available to being deposed by Plaintiffs' counsel within sixty days of the filing of this Order." *Id.* at 8.

On August 31, 2017, Defendant McMaster filed a Motion to Clarify. ECF No. 118. The Motion to Clarify states that it "is filed on behalf of the Office of the Governor and not on behalf of Nikki Haley, individually, whom counsel does not represent." *Id.* at 2. The Court found that, "[t]o the extent Defendant McMaster makes arguments on behalf of Defendant Haley regarding the effectiveness of service and whether Defendant Haley is being sued in her individual capacity, the Court rejects those contentions inasmuch as those issues must be raised, if at all, by Defendant Haley." ECF No. 129. The Court further ordered that Plaintiffs file a certificate of service "showing they have personally served Defendant Haley with (1) a copy of the Court's August 24, 2017, Order as well as (2) their subpoena for Defendant Haley's deposition not later than Friday, October 6, 2017. Given the important duties and obligations Defendant Haley has as the United States Ambassador to the United Nations, the Court directs Plaintiffs to make every reasonable

3

accommodation in scheduling Defendant Haley's deposition." *Id.* Thereafter, Plaintiffs attempted to serve Defendant Haley at her South Carolina residence as well as at the United Nations to no avail. ECF No. 132 at 2. However, on October 4, 2017, attorney James W. Fayssoux, Jr., contacted Plaintiffs, informed Plaintiffs that he represents Defendant Haley, and later accepted service of the subpoena. *Id.*

On October 19, 2017, Defendant Haley filed a Motion for Clarification, or Alternatively, for Other Relief, and a Motion to Stay. ECF No. 133. In the Motion, Defendant Haley seeks a "declar[ation] that she is not a party to the above action." ECF No. 133 at 1. Defendant Haley argues that she "has never been served with a Complaint . . . [s]he has never received notice of a hearing . . . [and] [u]ntil now, she has never been represented." ECF No. 133-1 at 2. Defendant Haley spends the bulk of this Motion arguing that the Court's prior ruling, which found that Plaintiffs had alleged claims against Defendant Haley, was incorrect. However, in the alternative, Defendant Haley requests that the Court issue an Order requiring that she be served with a copy of the Complaint and be provided a meaningful opportunity to respond. *Id.* at 14. Finally, Defendant Haley moves the Court to stay enforcement of its prior Order requiring her to give a deposition until the matters raised in the Motion were resolved. *Id.* Plaintiffs filed a response, in which they contend that the Court's prior Order regarding Defendant Haley's individual capacity was correct, and arguing that Defendant Haley has had ample notice of the claims against her since the inception of the litigation. ECF No. 137. The Court issued an Order staying the case pending resolution of Defendant Haley's Motion for Clarification. ECF No. 135.

4

**DISCUSSION**

I.  **Motion for Clarification, or Alternatively, for Other Relief**

Defendant Haley asks this Court to take one of two alternatives paths in this litigation: (1) reverse its prior holding and declare that Defendant Haley is not a party in this action; or (2) permit Defendant Haley to file a belated responsive pleading and reopen the discovery period so that she may meaningfully participate in the litigation. ECF No. 133. For the reasons detailed below, the Court defers ruling on Defendant Haley's Motion until Plaintiffs are permitted to ask Defendant Haley a limited number of written interrogatories.

Throughout this litigation, the issue of whether Defendant Haley is required to submit to an oral deposition has been the subject of many filings by many interested parties. While Plaintiffs have repeatedly sought to take Defendant Haley's deposition, they have also acknowledged that "[i]f Nikki Haley testifies under oath that she had no personal knowledge or involvement in the matters alleged in the amended complaint, then her deposition should be short." ECF No. 80 at 3. In light of this concession, the Court takes this opportunity to clarify its prior Order[2] directing Defendant Haley to submit to an oral deposition conducted by Plaintiffs.

"[A] district court has wide latitude in controlling discovery and [its] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) (citations omitted). "The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Id.* (citations omitted). To that end, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

---

[2] "An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Commercial Builders Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

The Court has discretion in fashioning this relief, but Federal Rule of Civil Procedure 26(c)(1)(C) specifically authorizes the Court to "prescrib[e] a discovery method other than the one selected by the party seeking discovery."

Under the unique circumstances of this case, the Court finds that Defendant Haley should not initially be required to submit to an oral deposition. Instead, the Court will permit Plaintiffs to submit no more than ten (10) written interrogatories[3] to Defendant Haley within ten (10) days of the date of this Order. Defendant Haley must then answer each interrogatory under oath and provide Plaintiffs with her signed and verified answers within thirty (30) days of receipt of the interrogatories.

After Defendant Haley provides Plaintiffs her sworn answers, the parties are directed to file said answers with the Court and brief the issue of whether summary judgment on Plaintiffs' individual capacity claims is appropriate at that time. *See* Fed. R. Civ. P. 56(f) (noting that, "[a]fter giving notice and a reasonable time to respond, the court may: . . . (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). If the Court then finds that summary judgment is not appropriate, the Court will grant Plaintiffs leave to take a full oral deposition of Defendant Haley and will revisit Defendant Haley's request to file a belated responsive pleading and reopen the discovery process.

The Court finds that this procedure is the most efficient and reasonable means of handling Plaintiffs' request at this point in the litigation. While the Court acknowledges that its prior Order found plausible allegations of individual liability as to Defendant Haley, Plaintiffs were unable to

---

[3] Plaintiffs are reminded that compound interrogatories may count as more than one interrogatory depending on the number of discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Further, Defendant Haley and her counsel are reminded that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed R. Civ. P. 33(b)(3).

articulate any evidence or scenario under which Defendant Haley would be individually liable at the oral argument on this Motion. Therefore, prior to allowing Plaintiffs to take the oral deposition of a sitting Cabinet member, the Court has a duty to ensure that Plaintiffs can make a threshold showing that Defendant Haley has information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b).

Other Courts have undertaken similar approaches when dealing with cases against high-ranking public officials. For example, in *Olivieri v. Rodriguez*, a discharged probationary police officer filed an action pursuant to 42 U.S.C. § 1983 against the Chicago Police Superintendent. 122 F.3d 406 (7th Cir. 1997). The District Court Judge "refused to permit the plaintiff to depose the defendant until the plaintiff submitted written interrogatories[,] the answers to which would indicate whether deposing the defendant would serve a useful purpose." *Id.* at 409. "The judge was influenced in following this course of action by the fact that the superintendent of the Chicago police is a busy official who should not be taken away from his work to spend hours or days answering lawyers' questions unless there is a real need." *Id.* (citations omitted). The Seventh Circuit Court of Appeals found that the district judge did not abuse his discretion, instead noting that "the course the judge followed could well be thought commanded, in the circumstances of this case, by Fed. R. Civ. P. 26(c)(3), which expressly authorizes the district court, in order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, to direct that discovery may be had only by a method of discovery other than that selected by the party seeking discovery." *Id.* (internal quotations omitted). The Court further noted that "[p]retrial discovery is

7

time-consuming and expensive; it protracts and complicates litigation; and judges are to be commended rather than criticized for keeping tight reins on it." *Id*. (citations omitted).

In this case, the Court finds that this approach strikes a reasonable balance in permitting Plaintiffs to pursue their theory of individual liability while respecting Defendant Haley's busy schedule as our nation's Ambassador to the United Nations. The Court further recognizes that this case involves the health and wellbeing of one of our State's most vulnerable individuals. Indeed, there is perhaps nothing more dire and heartbreaking than an individual with disabilities struggling to receive much needed rehabilitative services. The Court also understands that the State has limited resources, which frequently make governmental decision-making extraordinarily difficult as the budget process is often a zero sum process. With that in mind, the Court reminds the parties that this Court decides cases and controversies; it does not make judgment calls about the qualifications or motives of various State officials and it will not tolerate hyperbolic rhetoric by any party involved in this case. The tone and tenor of many of the filings in this case thus far have been disquieting, and the Court cautions the parties that it will not tolerate any abuse of the discovery process during depositions or other discovery that occurs pursuant to this Order.

## II. Motion to Substitute

Plaintiffs have "move[d] to substitute Joshua Baker with respect to claims brought against Christian Soura in his official capacity as Director of DHHS[4] and to substitute Patrick J. Maley with respect to claims brought against Beverly Buscemi in her official capacity as Director of DDSN."[5] ECF No. 144 at 2. No opposition to this request was filed by any of the Defendants. As Plaintiffs point out, Federal Rule of Civil Procedure 25(d) provides that "[a]n action does not

---

[4] Department of Health and Human Services.

[5] Department of Disabilities and Special Needs.

8

abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Therefore, the Court grants Plaintiffs' Motion to Substitute.

## III. Motion to Permit Depositions Beyond Scheduling Order

Finally, Plaintiffs request leave to depose various witnesses from the Centers for Medicare and Medicaid Services ("CMS") as well as the new directors of DHHS and DDSN. ECF No. 144. The Fourth Amended Scheduling Order required all depositions (other than that of Defendant Haley) to be concluded by December 20, 2017. ECF No. 124 at 1. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." As detailed below, Plaintiffs' motion is granted in part and denied in part.

### A. Deposition of CMS Witnesses

Plaintiffs first seek leave to depose various CMS witnesses. No opposition to this request has been filed with the Court. Indeed, at the hearing in this matter, a representative from the United States acknowledged that an agreement had been reached regarding the depositions of CMS employees. As these depositions were initially scheduled before the expiration of time to depose witnesses in the Fourth Amended Scheduling Order, *see* ECF No. 124 at 1, the Court finds good cause to permit these depositions to go forward pursuant to Plaintiffs' agreement with the United States.

### B. Deposition of Directors DHHS and DDSN

Next, Plaintiffs seek leave to depose the new directors of DHHS and DDSN. As to DDSN director Patrick J. Maley, Plaintiffs contend that Defendant Maley was "hired by DDSN in February, 2017," which is after the conclusion of depositions in the Fourth Amended Scheduling Order. However, Plaintiffs acknowledge that Defendant Maley was not employed by DDSN

9

during the time period pertinent to the allegations of the Amended Complaint. After reviewing Plaintiffs' submission, the Court finds that Plaintiffs have not shown good cause for taking Defendant Maley's deposition at this late stage of litigation. While Defendant Maley was involved in conducting audits of DDSN while he was State Inspector General, Plaintiffs had actual or constructive notice of his role in these audits well before the close of discovery, which is best demonstrated by Plaintiffs' inclusion of Defendant Maley as a potential witness in their Local Civil Rule 26.03 responses. *See* ECF No. 35 at 4. Therefore, Plaintiffs' request for leave to depose Defendant Maley is denied.

As to Plaintiffs' request to depose DHHS Director Joshua Baker, Plaintiffs acknowledge that Defendant Baker did not serve in his public office during the time period relevant to the Amended Complaint. The Court has reviewed Plaintiffs' Motion and finds that Plaintiffs have not demonstrated good cause for allowing a belated deposition of Defendant Baker. While Plaintiffs point out that Defendant Baker was Defendant Haley's Director of Budget and Policy and, later, her Chief of Staff, this information has been readily available to Plaintiffs for several years and is not a basis for allowing a deposition this late in the litigation.

Additionally, the Court notes that Plaintiffs spend a considerable portion of their Motion impugning the qualifications of both Defendant Maley and Defendant Baker. Even assuming Plaintiffs' criticisms of these public servants' qualifications are well founded, that is no basis for allowing belated discovery. For the above reasons, the Court denies Plaintiffs' Motion.

## **CONCLUSION**

Accordingly, Defendant Nikki Haley's Motion for Clarification, or alternatively, for Other Relief, and Motion to Stay, ECF No. 133, is **HELD IN ABEYANCE** and Plaintiffs' Motion to Substitute Pursuant to F.R.C.P. 25(d) and to Depose Interim Directors of DHHS and DDSN and

CMS Witnesses, ECF No. 144, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

The Court continues the stay of its prior deadlines in this case until resolution of the summary judgment issue as to Defendant Haley's individual liability. After resolution of that issue, the Court will issue a final amended scheduling order. The parties are reminded that this case was filed in April 2016, and the Court expects the additional court-ordered discovery to be completed expeditiously so that this case can proceed to mediation and, if necessary, trial.

IT IS SO ORDERED.

                                                              s/Donald C. Coggins, Jr.
                                                              United States District Judge

March 21, 2018
Spartanburg, South Carolina