Johnny Timpson, by and through his,    )    C/A No. 6:16-cv-1174-DCC
Conservator, Sandra Timpson, and    )
Sandra Timpson, in her individual    )
capacity,    )
    )
                    Plaintiffs,    )
    )
v.    )    **OPINION AND ORDER**
    )
Nikki Haley, *et al.*,    )
    )
                  Defendants.    )
_____ )

This matter comes before the Court upon Defendant Nikki Haley's Motion for Clarification, or Alternatively, for Other Relief, and Motion to Stay, ECF No. 133. The Motion has been briefed and is ripe for consideration.

## BACKGROUND

Plaintiffs allege violations of numerous state and federal statutes related to the implementation and administration of South Carolina's Medicaid Program. In the Amended Complaint, Plaintiffs name a number of defendants, including "Nikki Haley, Governor of the State of South Carolina." ECF No. 41.

On January 3, 2017, Defendant Nikki Haley, Governor of the State of South Carolina, filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), in which she asked the Court to dismiss the action against her because, inter alia, Governor Haley is not a proper defendant because "[t]here is no allegation that the Governor was personally or individually involved in the Plaintiff's care or case." ECF No. 66 at 3. Thereafter, on February 16, 2017, following Defendant Haley's confirmation as

Ambassador to the United Nations but prior to her scheduled deposition, she "move[d] that she be removed as a party Defendant and her successor, Governor Henry McMaster, be substituted as a party Defendant." ECF No. 78 at 2. Plaintiffs filed a response, in which they acknowledged that Governor Henry McMaster should automatically be substituted for the claims against Defendant Haley in her official capacity, but stated that they "are entitled to take the deposition of Nikki Haley[1] to establish facts alleged in their amended complaint **and to determine whether she may be liable, in her individual capacity, for any of the claims alleged in the amended complaint**." ECF No. 80 at 1–2 (emphasis added).

In response, on February 23, 2017, counsel for the Defendant Office of the Governor, moved for a protective order regarding Defendant Haley's deposition, claiming that the deposition notice was not served until February 9, 2017, which was after Defendant Haley left her position as Governor. ECF No. 82 at 4. Therefore, counsel asserted that it could not accept service of the deposition notice or produce her for a deposition. ECF No. 82 at 4. On February 24, 2017, counsel filed a Joint Status Report, in which they informed the Court that they could not reach an agreement regarding Defendant Haley's deposition. ECF No. 83. Thereafter, the parties filed responses and

---

[1] According to Plaintiffs, a deposition notice was served upon Defendant Haley's counsel while she was still Governor. ECF No. 80 at 2. According to Plaintiffs' timeline, a deposition notice for January 18, 2017, was served on January 6, 2017. *Id.* at 4. On January 18, 2017, Plaintiffs rescheduled the deposition for February 24, 2017. *Id.* However, according to counsel for Office of the Governor, the deposition notice was not served on counsel until February 9, 2017. ECF No. 82 at 4. Defendant Haley resigned as Governor on January 24, 2017. ECF No. 118-2.

replies to the various pending motions, but Nikki Haley's deposition did not go forward. *See, e.g.,* ECF Nos. 86, 98, 100–02, 104.

On August 24, 2017, the Court[2] issued an Order in which it denied Defendant Haley's Motion to Dismiss, finding, inter alia, that "Plaintiffs allege Haley possessed personal knowledge of systemic abuse, neglect, and exploitation of mentally disabled adults such as [Plaintiff Johnny Timpson], failed to take reasonable action to protect them, and even retaliated against those who complained. In that the Court must accept Plaintiffs' allegations as true when considering Haley's motion to dismiss, the Court must deny this section of Haley's motion . . . ." ECF No. 113 at 6. The Court further granted in part and denied in part Defendant Haley's Motion to Substitute, finding that "McMaster should be substituted for Haley for any allegations made towards Haley in her official capacity in the office of the Governor. McMaster, however, is unable to be substituted for Haley as to the allegations against her individually." *Id.* at 7. With respect to Defendant Haley's Motion for a Protective Order, the Court held that it "is of the opinion Haley has failed to establish she is an improper party to this lawsuit. Hence, the Court will deny her motion and order she make herself available to being deposed by Plaintiffs' counsel within sixty days of the filing of this Order." *Id.* at 8.

On August 31, 2017, Defendant McMaster filed a Motion to Clarify. ECF No. 118. The Motion to Clarify states that it "is filed on behalf of the Office of the Governor and not on behalf of Nikki Haley, individually, whom counsel does not represent." *Id.* at 2. The Court found that, "[t]o the extent Defendant McMaster makes arguments on behalf of

---

[2] This case was initially assigned the Honorable Mary Geiger Lewis. The case was reassigned to this Court on December 15, 2017.

Defendant Haley regarding the effectiveness of service and whether Defendant Haley is being sued in her individual capacity, the Court rejects those contentions inasmuch as those issues must be raised, if at all, by Defendant Haley." ECF No. 129. The Court further ordered that Plaintiffs file a certificate of service "showing they have personally served Defendant Haley with (1) a copy of the Court's August 24, 2017, Order as well as (2) their subpoena for Defendant Haley's deposition not later than Friday, October 6, 2017. Given the important duties and obligations Defendant Haley has as the United States Ambassador to the United Nations, the Court directs Plaintiffs to make every reasonable accommodation in scheduling Defendant Haley's deposition." *Id.* Thereafter, Plaintiffs attempted to serve Defendant Haley at her South Carolina residence as well as at the United Nations to no avail. ECF No. 132 at 2. However, on October 4, 2017, attorney James W. Fayssoux, Jr., contacted Plaintiffs, informed Plaintiffs that he represents Defendant Haley, and later accepted service of the subpoena. *Id.*

On October 19, 2017, Defendant Haley filed a Motion for Clarification, or Alternatively, for Other Relief, and a Motion to Stay. ECF No. 133. In the Motion, Defendant Haley seeks a "declar[ation] that she is not a party to the above action."[3] ECF No. 133 at 1. Defendant Haley argues that she "has never been served with a Complaint . . . [s]he has never received notice of a hearing . . . [and] [u]ntil now, she has never been represented." ECF No. 133-1 at 2. Defendant Haley spends the bulk of this Motion arguing that the Court's prior ruling, which found that Plaintiffs had alleged claims against Defendant Haley in her individual capacity, was incorrect. However, in the alternative,

---

[3] For purposes of this Order, the Court assumes, without deciding, that Haley is properly named as a defendant in her individual capacity, consistent with the prior Order of the Court. *See* ECF No. 113.

Defendant Haley requests that the Court issue an Order requiring that she be served with a copy of the Complaint and be provided a meaningful opportunity to respond. *Id.* at 14. Finally, Defendant Haley moves the Court to stay enforcement of its prior Order requiring her to give a deposition until the matters raised in the Motion were resolved. *Id.* Plaintiffs filed a response, in which they contend that the Court's prior Order regarding Defendant Haley's individual capacity was correct, and arguing that Defendant Haley has had ample notice of the claims against her since the inception of the litigation. ECF No. 137. The Court issued an Order staying the case pending resolution of Defendant Haley's Motion for Clarification. ECF No. 135.

On March 21, 2018, the Court issued an Order on Defendant Haley's Motion for Clarification, ECF No. 133, and Plaintiffs' Motion to Substitute and Depose, ECF No. 144. Relevant to the issue at bar, the Court found that Defendant Haley should not be initially required to submit to an oral deposition. ECF No. 170 at 6. Instead, the Court permitted Plaintiffs to ask Defendant ten written interrogatories and gave Defendant Haley thirty days to provide written responses under oath.[4] *Id.* Additionally, the Court directed the

---

[4] Plaintiffs previously acknowledged that "[i]f Nikki Haley testifies under oath that she had no personal knowledge or involvement in the matters alleged in the amended complaint, then her deposition should be short." ECF No. 80 at 3. In light of that concession and mandates of Federal Rule of Civil Procedure 26, the Court determined in its discretion that the interrogatory procedure was the most efficient and reasonable means of determining whether Defendant Haley had any relevant information as a threshold matter. *See, e.g., Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997) (finding a district court did not abuse its discretion in adopting a similar approach in a Section 1983 action against the Chicago Police Superintendent and noting "the course the judge followed could well be thought commanded, in the circumstances of this case, by Fed. R. Civ. P. 26(c)(3), which expressly authorizes the district court, in order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, to direct that discovery may be had only by a method of discovery other than that selected by the party seeking discovery." (internal quotations omitted)).

parties to file Defendant Haley's answers and brief whether summary judgment was appropriate as to Defendant Haley. *Id.* Therefore, the Court held Defendant Haley's Motion for Clarification in abeyance pending resolution of the summary judgment question. The parties have now filed Defendant Haley's responses and the issue of summary judgment is properly before the Court.

## LEGAL STANDARD

One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. To that end, Rule 56 states "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the movant has made this threshold demonstration, the non-moving party, to

survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Further, Rule 56 provides in pertinent part:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**DISCUSSION**

Plaintiffs' Amended Complaint alleges causes of action under the South Carolina Tort Claims Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, South Carolina Administrative Procedures Act, and 42 U.S.C. § 1983. Plaintiffs' Amended Complaint might be said to be inartfully drafted, and it appears the only colorable claim against Defendant Haley in her individual capacity is the claim under 42 U.S.C. § 1983. The Court previously addressed this claim in reviewing Defendant Haley's Motion to Dismiss, noting that "Plaintiff[s] have set forth specific allegations of Haley's active participation in wrongful conduct violative of Johnny Timpson's constitutional rights. Consequently, it would be improper for the Court to grant Haley's request for dismissal of Plaintiffs' § 1983 claims at this stage of the proceedings." ECF No. 113 at 6. However, it is important to note that the Amended Complaint does not explicitly indicate that *any claims* are alleged against Defendant Haley in her individual capacity. Plaintiffs' only assumed this position when Defendant Haley moved to substitute Defendant McMaster.[5] Plaintiffs' motives for this sudden change in position notwithstanding, Plaintiffs have now had the opportunity to conduct discovery and produce evidence in support of allowing their claims against Defendant Haley to go forward. As detailed below, Plaintiffs have failed to do so.

As an initial matter, Plaintiffs contend that Defendant Haley failed to comply with the Court's directives because her answers are not sworn as required by the Court. Plaintiffs are correct that the Court directed Defendant Haley to provide her answers

---

[5] Again, the Court notes that Plaintiffs' initial stated reason for taking Defendant Haley's deposition was "to determine *whether* she may be liable, in her individual capacity, for *any* of the claims alleged in the amended complaint." ECF No. 80 at 2 (emphasis added).

under oath.  While her responses are not notarized, federal law permits the use of declarations rather than affidavits in federal court.  *See* 28 U.S.C. § 1746.  Therefore, the Court rejects Plaintiffs' request that the Court find Defendant Haley failed to comply with the Court's instructions.

The Court provided Plaintiffs the opportunity to ask Defendant Haley ten questions related to their claims.  Despite this, Plaintiffs did not ask *any* questions about Defendant Haley's knowledge of Plaintiff Johnny Timpson's care or the provision of services to him. Instead, Plaintiffs asked Defendant Haley a variety of questions related to her knowledge, while Governor, of various alleged improprieties in the administration of Medicaid waiver services.  Defendant Haley's responses indicate that she had no personal knowledge or involvement in Plaintiffs' treatment and that the South Carolina Department of Health and Human Services and South Carolina Department of Disabilities and Special Needs ("DDSN") were the agencies properly charged with addressing allegations of abuse. Indeed, Defendant Haley's answers provide no evidence whatsoever of her personal involvement in the issues raised in the case at bar.  In response, Plaintiffs have now offered a lengthy affidavit from a former DDSN Commissioner, Deborah McPherson.  This affidavit essentially contains Ms. McPherson's opinion that Defendant Haley's answers are "not believable."  ECF No. 178-3 at 3.  Significantly, in her affidavit, Ms. McPherson draws inferences from communications with others but indicates no personal knowledge of Defendant Haley's knowledge or actions.

The Court has carefully considered Defendant Haley's answers as well as other information provided by the parties throughout this case.  The Court concludes that Plaintiffs' allegations simply relate to Defendant Haley's alleged supervisory responsibility

as Governor and there is no evidence Defendant Haley was personally involved in the reduction of Plaintiff Johnny Timpson's services, failure to provide adequate care, or alleged misuse of the administrative review process.

The Honorable Timothy M. Cain addressed a strikingly similar claim against Governor Mark Sanford in *Peter B. v. Sanford*, C/A No. 6:10-767-TMC, 2012 WL 2149784 (D.S.C. June 13, 2012). There, Judge Cain granted Governor Sanford summary judgment on the plaintiffs' claims under 42 U.S.C. § 1983, finding:

> Other than the allegation that he diverted funds, Plaintiffs have not alleged that Defendant Sanford was personally involved in reducing their Medicaid services. Rather, Plaintiffs merely assert that Sanford had supervisory responsibilities over those persons who did commit the alleged acts. However, there is no respondeat superior liability under § 1983. Instead, liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.

*Id.* at *6 (internal quotations and citations omitted). Here, the Court finds, as in *Peter B.*, that Plaintiffs have failed to offer any evidence that Defendant Haley acted personally in the alleged deprivation of Plaintiffs' rights. Therefore, to the extent she is a party to this action, it is appropriate to grant Defendant Haley summary judgment. Having determined that Plaintiffs failed to produce any evidence of Defendant Haley's personal involvement in the issues raised in this case, the Court need not reach Defendant Haley's arguments about qualified and legislative immunity.

## CONCLUSION

Accordingly, Defendant Nikki Haley's Motion for Clarification, or Alternatively, for Other Relief, and Motion to Stay, ECF No. 133, is **FOUND AS MOOT** in light of this Order granting summary judgment for Defendant Haley as to all claims purportedly made against her in her individual capacity. Further, the Court lifts the stay of its prior deadlines

in this case and directs the parties to confer and provide the Court with a Final Amended

Scheduling Order within ten days of this Order.

      IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

June 26, 2018
Spartanburg, South Carolina