IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Johnny Timpson, by and through his, Conservator, Sandra Timpson, and Sandra Timpson, in her individual capacity, | ) ) ) ) | C/A No. 6:16-cv-1174-DCC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| Henry McMaster, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter comes before the Court upon Plaintiffs' Motion to Reconsider. ECF No. 325. In light of the impending trial date, the Court finds that responses are unnecessary and rules as follows.

This case was filed in the Court of Common Pleas for the County of Greenville, South Carolina on February 19, 2016. ECF No. 1-1. On April 15, 2016, Defendants filed a Notice of Removal. ECF No. 1. The first Scheduling Order was entered on April 25, 2016 and set forth the following deadline:[1]

> No later than **January 17, 2017** the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6).

ECF No. 20 (emphasis in original). On June 1, 2016, the Court entered an Amended Scheduling Order moving this deadline to March 17, 2017. ECF No. 36. On September 21, 2016, the Court entered a Second Amended Scheduling Order moving this deadline to April 17, 2017. ECF No.

---

[1] The case was initially assigned to the Honorable Mary Geiger Lewis and was transferred to the undersigned on December 15, 2017. ECF No. 152.

1

59.  On March 13, 2017, the Court entered a Third Amended Scheduling Order moving this deadline to 90 days from the date of the Court's ruling on dispositive motions.  ECF No. 103.  On September 13, 2017, the Court entered a Fourth Amended Scheduling Order moving this deadline to April 23, 2018.  ECF No. 124.  On July 9, 2018, the Court entered a Fifth Amended Scheduling Order moving this deadline to February 28, 2019.  ECF No. 183.  On January 29, 2019, the Court entered a Sixth Amended Scheduling Order moving this deadline to 30 days from the date of the Court's rulings on any remaining dispositive motions.  ECF No. 248.  On March 14, 2019, the Court held a hearing and ruled on all outstanding dispositive motions, making the final deadline to file Rule 26(a)(3) Disclosures Monday, April 15, 2019.

On April 3, 2019, the parties filed a Consent Motion for Extension of Time seeking to move the deadline to April 16, 2019.  ECF No. 284.  On April 4, 2019, the Court entered a Text Order granting the parties' request to move the deadline to April 16, 2019.  ECF No. 285.  On April 12, 2019, the Court held a hearing on pretrial motions.  ECF No. 293.  During the hearing, at the urging of the parties, the Court again moved the deadline to file Rule 26(a)(3) Disclosures to April 19, 2019.  ECF No. 294.  In accordance with the final deadline, Defendants Thrive Upstate, Anderson County Disabilities and Special Needs Board, and Dale Thompson filed their Rule 26(a)(3) Disclosures on April 18, 2019.  ECF No. 301, 306.  The remaining Defendants filed their Rule 26(a)(3) Disclosures on April 19, 2019.  ECF Nos. 310, 311, 314.  Plaintiffs did not file their Rule 26(a)(3) Disclosures.

On April 21, 2019, Chambers contacted the parties by email inquiring about the status of Plaintiffs' Rule 26(a)(3) Disclosures.  In response, Plaintiffs emailed a copy of their Local Rule 26.05 Pretrial Brief, which had already been submitted in a timely fashion.  Chambers again emailed counsel, explaining that Rule 26(a)(3) Disclosures are a distinct document from Pretrial

Briefs. On April 22, 2019, the Court held Jury Selection and a Pretrial Conference and directed Plaintiffs to file their Rule 26(a)(3) Disclosures, including deposition designations, by midnight. Plaintiffs' counsel expressed an understanding of this deadline during the hearing.[2]

At 11:57 p.m. on April 22, 2019, Plaintiffs filed a Motion for Reconsideration, in which they state: "Plaintiffs were ordered at 3:44 this afternoon to produce by midnight excerpts from depositions that may be read at trial." ECF No. 325 at 1. In the remainder of the Motion, Plaintiffs outline the parameters of Rule 32, which sets forth the procedures for using depositions in court proceedings. *Id.* Concluding their Motion, Plaintiffs "respectfully request[ed] that the Court will reconsider its order requiring Plaintiffs to produce deposition excerpts by midnight on the same day of the order." *Id.* at 3.

As set forth above, Scheduling Orders have been in effect in this case for nearly three years requiring all parties to file Rule 26(a)(3) Disclosures. Rule 26(a)(3) requires:

(i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

(ii) *the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition*; and

(iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

Fed. R. Civ. P. 26(a)(3) (emphasis added). The plain language of this Rule requires parties to designate the deposition testimony that it intends to offer at trial so that opposing parties may file

---

[2] The Court also notes that Plaintiffs begin their instant Motion by representing the Court's Order in this regard occurred at 3:44 p.m. This is inaccurate. The Order was issued from the Bench during the pre-trial conference which concluded shortly after 2:00 p.m. The Court will assume that the 3:44 time was a typographical error rather than a deliberate misrepresentation.

3

objections and counter-designations of deposition testimony.  *See, e.g.,* Fed. R. Civ. P. 26(a)(3)(B) (outlining the process for filing objections to the use of depositions).  This is standard practice in federal court, and the parties in recent trials before this Court have complied with Rule 26(a)(3) without any difficulty.  *See, e.g., W.S. v. Daniels*, No. 8:16-cv-01032-DCC, at ECF No. 201 (D.S.C. Feb. 11, 2019) (containing Defendants' designation of deposition excerpts intended for use at trial).  Moreover, Defendants in this case have complied with the Rule as well.  *See* ECF Nos. 314, 314-1 (setting forth a designation of Anthony Keck's deposition and attaching a copy of the pertinent excerpt).

In sum, Plaintiffs have had ample notice and opportunity to prepare, serve, and file designations of the deposition testimony they intend to use at trial.  The Court has endeavored to extend courtesies to all parties in this case in the spirit of fairness and in light of the complexity of this case.  However, Plaintiffs initiated this lawsuit and have the responsibility to comply with the rules.  Therefore, [325] Plaintiffs' Motion to Reconsider is DENIED.  <u>Plaintiffs are directed to file their Rule 26(a)(3) Disclosures, with proper deposition designations, by 11:59 p.m. on April 23, 2019</u>.  NO EXTENSIONS WILL BE GRANTED UNDER ANY CIRCUMSTANCES.  The Court realizes this puts the Defendants at a significant disadvantage in terms of filing objections and counter-designations.  Therefore, the Court will extend Defendants' deadline to file objections and counter-designations of deposition testimony until 11:59 p.m. on April 30, 2019.  Defendants' deadline to file any other objections pursuant to Rule 26(a)(3) (i.e., to exhibits) remains Friday, April 26, 2019, as Defendants have had a copy of Plaintiffs' Exhibit List since April 19.  Plaintiffs' deadline to file objections to Defendants' Rule 26(a)(3) Disclosures remains Friday April 26, 2019.

All other deadlines in this case remain in place, and <u>STRICT COMPLIANCE IS REQUIRED</u>.  Therefore, the Court expects jury instructions from all parties <u>TODAY BY 5:00</u>

P.M. The parties should file their proposed jury instructions on ECF and email Chambers a Word version. The Court further expects proposed verdict forms from all parties TOMORROW BY 5:00 P.M.

If any parties have ANY QUESTIONS about remaining deadlines, they are directed to contact Chambers by 4:00 p.m. today for clarification.

IT IS SO ORDERED.

                                                                                               s/Donald C. Coggins, Jr.
                                                                                               United States District Judge

April 23, 2019
Spartanburg, South Carolina